UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
JEFFREY MCEARCHEN; DANIEL LAWSON; and
THOMAS C. WOLFE,

      Plaintiffs,

   - against -

URBAN OUTFITTERS, INC.,

      Defendant.
----------------------------------------------------------------X

**ORDER ADOPTING REPORT
AND RECOMMENDATION**
13-CV-3569 (RRM) (JO)

ROSLYNN R. MAUSKOPF, United States District Judge.

  Plaintiffs Jeffrey McEarchen, Daniel Lawson, and Thomas C. Wolfe, each of whom was employed as a Department Manager ("DM") by defendant Urban Outfitters, Inc. ("Urban"), accuse Urban of violating federal and state wage laws by misclassifying them and other DMs as managerial employees who are exempt from premium wage requirements for overtime hours. (*See generally* Compl. (Doc. No. 1); Am Compl. (Doc. No. 13)); *see* 29 U.S.C § 201, *et seq.* (the Fair Labor Standards Act, or "FLSA"); New York Labor Law ("NYLL") § 650, *et seq.* Early in the case, the Court conditionally certified a collective action under the FLSA. *See McEarchen v. Urban Outfitters, Inc.*, 2014 WL 4701164 (E.D.N.Y. Sept. 23, 2014); *see also* 29 U.S.C. § 216. The plaintiffs now seek final certification of a collective of "all persons who are or were formerly employed by [Urban] in the United States at any time since June 24, 2010 . . . as DMs and individuals holding comparable salaried positions[.]" (Mem. Supp. Cert. (Doc. No. 244); Am. Compl. at ¶ 20.) Urban seeks to decertify the collective action. (Mem. Opp. Cert. (Doc. No. 248).)

  This Court referred the matter of certification to Magistrate Judge James Orenstein, who issued a Report and Recommendation ("R&R") concluding that the collective action should be

decertified. (R&R (Doc. No. 268).) Objections originally were due March 24, 2017. (*Id.* at 20.) However, at the plaintiffs' request, the Court extended the time to file objections to April 21, 2017. (Mot. Ext. Time (Doc. No. 269).) On March 24, 2017, the plaintiffs filed a letter with the Court confirming that they would file objections by the new deadline. (Pl. 4/24/17 Letter (Doc. No. 271).) However, on April 21, 2017 – the date of the extended deadline – the plaintiffs filed another letter with the Court, this time stating that they would not file any objections to Judge Orenstein's R&R. (Pl. 4/21/17 Letter (Doc. No. 272) at 1.) The plaintiffs stated that they agreed not to file objections in exchange for Urban's agreement to a 60-day toll on the statute of limitations, in order to allow the plaintiffs' counsel sufficient time to adequately inform each of the 165 opt-in plaintiffs of their legal rights and options. (*Id.*) Because the plaintiffs did not file objections by the deadline, the Court has reviewed the R&R for plain error. Finding none, the Court hereby adopts the R&R in its entirety, and the collective action is decertified. In addition, the statute of limitations is tolled until sixty (60) days after the issuance of this Memorandum and Order.

## STANDARD OF REVIEW

When reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party raises an objection to an R&R, "the court is required to conduct a *de novo* review of the contested sections." *See Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). Portions to which no party has objected are reviewed for clear error. *See Morritt v. Stryker Corp.*, 973 F. Supp. 2d 177, 181 (E.D.N.Y. 2013); *Price v. City of New York*, 797 F. Supp. 2d 219, 223 (E.D.N.Y. 2011). The Court will find clear error only where, upon a review of the entire record, it is left with the definite and firm conviction that a mistake has been committed.

2

*See* Fed. R. Civ. P. 72(a); *Nielsen v. New York City Dep't of Educ.*, No. 04-CV-2182 (NGG) (LB), 2007 WL 1987792, at *1 (E.D.N.Y. July 5, 2007) ("[T]he district court must affirm the decision of the magistrate judge unless the district court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.")

## DISCUSSION

Where, as here, discovery is complete, a court must determine whether to decertify a collective action based on "whether . . . the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs." *Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010). If they are not, the collective action may be decertified and the opt-in plaintiffs' claims dismissed without prejudice. *Id.*

In determining whether plaintiffs are similarly situated, "[i]t is well established that [being] similarly situated does not require that plaintiffs' positions be identical." *Stevens v. HMSHost Corp.*, No. 10-CV-3571 (ILG) (VVP), 2014 WL 4261410, at *5 (E.D.N.Y. Aug. 27, 2014) (internal quotation marks and citation omitted). Courts in this circuit generally consider three factors in comparing the respective situations of named and opt-in plaintiffs: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations that counsel for or against maintaining a collective action." *Id.*; *Gardner v. W. Beef Prop., Inc.*, No. 07-CV-2345 (NGG) (JMA), 2013 WL 1629299, at *3 (E.D.N.Y. Mar. 25, 2013) (report and recommendation) *adopted*, 2013 WL 1632657 (E.D.N.Y. Apr. 16, 2013); *Ayers v. SGS Control Servs., Inc.*, No. 03-CV-9077 (RMB), 2007 WL 646326, at *5 (S.D.N.Y. Feb. 27, 2007). The determination to decertify a collective action is "extremely fact-dependent

and appears to be largely in the Court's discretion." *Gardner*, 2013 WL 1629299, at *4 (internal quotation marks and citations omitted).

Here, on balance, the requisite factors listed above support Judge Orenstein's recommendation. First, the record reflects significant variations among the named and opt-in plaintiffs, as to both the amount of exempt work they performed and the level of managerial authority they exercised. (R&R at 10–16.) Second, those variations make it unduly difficult for Urban to counter the claims against it using "representative" proof. (*Id.* at 16–17); *see Stevens*, 2014 WL 4261410, at *7 ("Defendants cannot be expected to come up with 'representative proof' when the plaintiffs cannot reasonably be said to be representative of each other" (internal citation omitted)). Third, the differences in the various plaintiffs' duties and levels of authority would require inefficient mini-trials for over a hundred claimants, such that a collective action would not enhance fairness or procedural economy. (*Id.* at 17–18.) Thus, pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed the R&R for clear error and, finding none, concurs with the R&R in its entirety. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007).

In collective actions, the statute of limitations resumes after a court's determination to decertify a class. *See* Collective Actions Under the Fair Labor Standards Act, 7B Fed. Prac. & Proc. Civ. § 1807 (3d ed.). In order to avoid prejudice to opt-in plaintiffs, courts may toll the statute of limitations in FLSA collective actions that have been decertified, and they often do so in cases involving many opt-in plaintiffs. *See, e.g., Scott v. Chipotle Mexican Grill, Inc.*, No. 12-CV-8333 (ALC) (SN), 2017 Dist. LEXIS 59753, *29 (S.D.N.Y. April 18, 2017) (tolling claims of several hundred opt-in plaintiffs for 90 days); *Reyes v. Texas Ezpawn, L.P.*, 2007 WL 101808 (S.D. Tex. 2007) (tolling claims of 82 opt-in plaintiffs for 30 days). In this case, the parties have

agreed to a 60-day toll of the statute of limitations to allow the plaintiffs' counsel sufficient time to adequately inform each of the 165 opt-in plaintiffs of their legal rights and options. (Pl. 4/21/17 Letter at 1.) In light of the complexity of the case, and in order to avoid prejudice to the opt-in plaintiffs, the toll is granted.

## CONCLUSION

For the reasons set forth above, the Court adopts Judge Orenstein's thorough and well-reasoned R&R. (R&R (Doc. No. 268).) It is hereby ordered that the plaintiffs' motion for final certification is denied, and, accordingly, that Urban's motion to decertify the collective action is granted. (Doc. No. 242.) In addition, the statute of limitations is hereby tolled for sixty (60) days following the issuance of this Memorandum and Order.

This case is re-committed to Magistrate Judge Orenstein for all further pre-trial proceedings.

SO ORDERED.

Dated: Brooklyn, New York
September 6, 2017

s/Roslynn R. Mauskopf
_____
ROSLYNN R. MAUSKOPF
United States District Judge